EDMUND S. HOLBROOK

*v.*

ELLEN FELLOWS DICKENSON.

1. LIMITATION ACT OF 1839 — *payment of taxes — what constitutes.* A redemption from a tax sale is not a payment of taxes, within the meaning of the act of 1839.

2.  EVIDENCE *as to payment of taxes.*  Where a defendant in ejectment relies upon the limitation act of 1839, the record of the county clerk's office, showing a sale of the premises for taxes assessed for a certain year, and redemption therefrom, will be deemed decisive evidence of such sale and redemption against the testimony of one who states, merely from his recollection, that he paid the taxes regularly each year for a series of years, embracing that for which the tax sale is shown by the record to have been made.

3.  BANKRUPT SALE OF LAND—*prior unrecorded deed.*  The purchaser at a sale of real estate by the assignee of a bankrupt, will hold the title against a prior unrecorded deed of the bankrupt.

APPEAL from the Circuit Court of Will county ; the Hon. J. McROBERTS, Judge, presiding.

The opinion states the case.

Mr. E. S. HOLBROOK, *pro se,* and Mr. C. BLANCHARD, for the appellant.

Mr. E. C. FELLOWS and Messrs. GOODSPEED, SNAPP & KNOX, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Holbrook brought an action of ejectment against one Cook. Ellen Fellows, as landlord of Cook, was made defendant.   She afterward married Dickenson, and hence the present title of the suit.

Appellant's title to the land was evidenced by a patent to James B. Campbell, proof that the lot in controversy was a part of the land, and a decree in bankruptcy against Campbell, and a deed to appellant by the assignee of the bankrupt.

Appellee claims that Campbell, previous to bankruptcy, conveyed all his interest in the lot in question to Gurdon S. Hubbard.   The deed to Hubbard was never recorded.

Color of title and the payment of taxes for seven successive years are also set up in bar of recovery.   Conceding color of

title in Hiram Fellows, there was not the payment of taxes for seven successive years. Elisha C. Fellows, a witness for appellee, testified that he paid the taxes for eight years consecutively, commencing in 1839. He is contradicted by the records of the county clerk's office. He relied entirely on his memory and produced no receipts. The record introduced showed a sale of the lot in 1845 for the taxes of 1844, and that it was redeemed in 1846, by Hiram Fellows; also, a sale in 1852, to Leach, for the taxes of 1851, and a deed to Robert Fellows, in 1866; also a sale, in 1854, to E. C. Fellows, for the taxes of 1853.

A redemption from a tax sale is not a payment of taxes, within the meaning of the statute. This has been repeatedly decided by this court.

Appellee urges that, as there was a conflict of evidence in regard to the payment of taxes, we should not disturb the finding of the jury. We consider the record produced as decisive evidence of the sale and redemption, when only opposed by the recollection of a witness as to old transactions.

The only remaining question is, does the purchaser at a sale of real estate by the assignee of a bankrupt, hold against the unrecorded deed of the bankrupt? We have been referred by appellee to the cases of *Talcott* v. *Dudley,* 4 Scam. 427; *Strong* v. *Crawson,* 5 Gilm. 346; *Ontario Bank* v. *Mumford,* 2 Barb. Ch. 596, and others. These cases do decide that the assignee of a bankrupt succeeds to the rights of the bankrupt, subject to all equities, liens and incumbrances existing against them; that nothing vests in the assignee except such estate as the bankrupt had a beneficial and legal interest in; and that the purchaser from an assignee takes subject to the same equities. They do not decide the real question presented.

The bankrupt, at the time of the assignee's sale, had the legal interest in the property. It was liable to sale by his creditors. He might have conveyed to a third person, and the subsequent recorded deed would hold against the prior unrecorded deed. The deed to Hubbard was not even an equity,

except as against Campbell. It could not be enforced against third parties without notice. It was neither a lien nor an incumbrance as against others whose rights intervened before its record.

The opposite view would nullify the registry laws. The object of the legislature, in the enactment of these laws, was the complete protection of titles. They were intended to disclose their true condition. Hence, when the record shows the title to be in a particular person, purchasers have the right to regard him as the real owner. *Kennedy* v. *Northup*, 15 Ill. 149 ; *Black & Farwell* v. *Hills*, 36 id. 376.

The theory of the whole bankruptcy system is, that the assignee takes all the property of the bankrupt which can be made available for the payment of his debts. Parsons says : " In this country it seems to be settled by the highest authority that the requirement of record is peremptory. An assignee would hold where the insolvent had made a mortgage which was not recorded." 3 Pars. on Con. 472, 476.

We think, then, that the purchaser, from the assignee of the bankrupt, holds against the unrecorded deed of the bankrupt.

The judgment is reversed and cause remanded.

*Judgment reversed.*