## MURPHY v. NELSON *et al.*

1. A deed by an Indian, conveying land patented to him by an instrument in the usual form of homestead patents, constitutes color of title within Rev. Code Civ. Proc. § 54, making 10 years' actual possession and payment of taxes under color of title ground for an adjudication of ownership, whether or not such deed is actually void under the United States laws prohibiting Indians from conveying land within five years from the date of patents to them.

2. Under Rev. Code Civ. Proc. § 54, making 10 years' possession and payment of taxes under color of title ground for an adjudication of ownership, one who was in possession of lands and paid all taxes assessed thereon between July 1, 1891, and July 1, 1901, became the owner of the lands according to the purport of her paper title, though she did not pay the taxes for 1901, which, while the assessment was begun by listing and valuing the property before July 1, 1901, did not become due by virtue of a completed assessment until the 1st day of December of that year, after the original valuation of the property had been corrected by the boards of review and the amount of the tax determined by the levy of the county commissioners.

3. Under Rev. Code Civ. Pro. § 54, making 10 years' possession under color of title, and payment of all taxes "legally assessed," ground for an adjudication of ownership, actual possession and payment of taxes under color of title, and in good faith, for the required period, entitles one to be deemed the legal owner, although the assessment of taxes for one or more of the years may be technically illegal; the term "legally assessed" meaning merely assessed under color of legal authority.

4. Where a statute of another state is adopted by this state, the construction given to the law by the courts of the other state prior to its adoption by this state is presumed to have been adopted with the law itself.

(Opinion filed March 1, 1905.)

Appeal from circuit court, Grant county; Hon. J. H. Mc-Coy, Judge.

Action by George W. Murphy against Nels Nelson and Lisa L. Nelson. From a judgment for defendants, plaintiff appeals. Affirmed.

*H. H. Potter* and *Ira O. Curtiss*, for appellant.

*Thad L. Fuller*, for respondents.

CORSON, P. J. This action was instituted by the plaintiff to quiet title to a tract of 80 acres of land in Grant county. The case was tried to the court, and, findings and judgment being in favor of the defendants, the plaintiff has appealed.

The material facts necessary to an understanding of the questions involved in this case, as disclosed by the record, are that in September, 1877, one Adam Pazi entered the land in controversy, and received a patent therefor in February, 1887, which was in the usual form of homestead patents, containing no words of limitation or restriction. On October 15, 1889, Pazi and wife executed a deed of the said land to one Joseph Amos, which, as will be noticed, was prior to the expiration of five years from the date of the patent. The defendant Lisa L. Nelson claims title through mesne conveyances from the said Joseph Amos. On April 5, 1902, said Pazi and wife conveyed the land in controversy to the plaintiff by warranty deed. The land seems to have been treated as subject to taxation immediately on its sale to Amos, and taxes appear from the record to have been levied upon the same from 1889 to 1901, inclusive. The taxes so appearing to have been assessed were paid by the defendant Lisa Nelson and her grantors subsequently to the conveyance made by Amos in 1889, to and including the year 1901.

The court finds, among other things, that A. P. Lindquist, defendants' grantor, paid the taxes assessed against said land for the years 1889 and 1891; that the said Lisa L. Nelson paid the taxes legally assessed against said land for the years from 1892 to 1900, inclusive; that the said taxes above mentioned were paid by the defendant Lisa L. Nelson and her grantors aforesaid while holding said land under warranty deeds, claiming title to said property in good faith, which said taxes were all the taxes legally assessed against the said property during said time, and continued the possession of said land and payment of taxes thereon,

completing a term of 10 years of such possession and payment of taxes prior to the commencement of this action on April 17, 1902. The court also finds that the deed made by Adam Pazi and Nancy Pazi, his wife, to George W. Murphy, dated April 5, 1902, and recorded in the office of the register of deeds of Grant county, S. D., in volume 21 of Deeds, p. 575, covering the above described land, is a cloud upon the title of the defendant, and void, and the claims of ownership of plaintiff based thereon are wrong and unlawful. The court concludes that Lisa L. Nelson is the fee-simple owner of the said premises; that all adverse claims of said plaintiff should be determined to be wholly wrongful and void, and the deed made by Adam Pazi and Nancy Pazi, his wife, to the plaintiff, should be held for naught and canceled.

It is contended by the appellant that the judgment and order denying a new trial in this case should be reversed, for the reasons: (1) That Adam Pazi, at the time he entered said land and received a patent therefor, was a Sioux Indian, and a member of the Sisseton and Wahpeton Tribe of Indians, and that under the laws of the United States he was prohibited from conveying said land to any person within five years from the date of his patent, and that as the deed to Joseph Amos, through whom defendants claim title, was made in 1889, less than five years from the date of the patent, the conveyance was absolutely void, and that the deed to the plaintiff, being made subsequent to the five years after the issuance of the patent, was a valid deed under which he is entitled to hold the property; (2) that the defendants' claim of title by virtue of possession of the property and payment of taxes on the same cannot be sustained, for the reason that they paid taxes on the

same for less than 10 years subsequent to the taking effect of the act of 1891. The respondents insist that as the patent was without limitation or restriction, and such as is usually issued to homesteaders, Adam Pazi had the right to dispose of the property by deed at the time he executed the same to Amos, through whom the defendants claim. They also·insist that, if the deed from Pazi to Amos was not a valid deed, it was sufficient to constitute color of title, and that the payment of taxes for the years 1890 to 1900, inclusive, was sufficient to vest in them the title to the property under the law of 1891, being sections 54-56, Rev. Code Civ. Proc. It will thus be seen that two questions are presented for our consideration. One is: ·Was the deed from Pazi to Amos a valid deed? and, if not, did the payment of taxes from 1890 to 1900, inclusive, by the defendants and their grantors, vest the title in them under· the ·statute?

In the view we take of the case, it will not be necessary to discuss or decide the first question presented by ·appellants, and we therefore express no opinion upon that question, but shall proceed to discuss the second question involved in this case, namely, was the defendant Lisa L. Nelson entitled to the benefit of the statute of limitations provided by·section·1, ·c. 24, page 78 of the Laws of 1891, now constituting section 54, ·Rev. Code of Civ. Proc., which reads as follows: "Every person in the actual possession of lands or tenements; under claim ·and color of title, made in good faith, and who shall have continued for ten successive years in such possession, and shall also during said time have paid all taxes legally assessed on ·such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements to the extent and accord-

ing to the purport of his paper title.    All persons, holding under such possessions, by purchase, devise or descent, before said ten years shall have expired, and who shall have continued such possession and payment of taxes as aforesaid so as to complete said term of ten years of such possession and payment of taxes shall be entitled to the benefits of this section." This plea of the statute of limitations is fully set up in the fourth, fifth, and sixth subdivisions of the answer; and it is recited in the bill of exceptions: "The defendants then offered in evidence tax receipts showing the payment of all taxes assessed on said premises for each year from 1890 to 1901 including all the years except the tax for the year 1901."

It was found that the defendant Lisa L. Nelson had succeeded by mesne conveyances to the title of Joseph Amos to said property.    The possession of the defendant Lisa L. Nelson and her grantors and predecessors in interest subsequently to the execution of the deed to Amos in 1889, and the good faith of the defendant Lisa L. Nelson in purchasing the said property from Lindquist, and the good faith of her grantors and predecessors in interest, is not questioned.    This case, therefore, comes clearly within the principle settled in the case of Murphy v. Pierce, 17 S. D. 207, 95 N. W. 925, as the deed to Lisa, her grantors and predecessors in interest, was clearly sufficient to constitute color of title.    As before stated, it is insisted by the defendant Lisa L. Nelson that she and her grantors and predecessors in interest have complied with the law of 1891, and therefore, under the law, she is entitled to be held and adjudged to be the legal owner of said land and tenements to the extent and according to the purport of her paper title as adjudged by the court.    The appellant contends that this part

of the judgment is erroneous, for the reason that the taxes for the 10 years subsequently to the 1st day of July, 1891, were not paid by the defendant, claiming that the taxes for 1901 had been assessed, but were not paid by her prior to the 1st day of July, 1901. The appellant's theory seems to be that, in order to complete payment of taxes for the 10 years, she should have paid the taxes for 1901, for the reason that the assessment of the same was required to be made, in contemplation of law, prior to July 1st of that year. This contention is clearly untenable. Prior to the 1st day of July of that year no taxes had been assessed, and none were due or payable. It is true the assessor was required by law, during the months of May and June, to list and value property for the purpose of an assessment, but that constituted only the initiatory step toward an assessment of the property. The action of the assessor was subject to revision and correction by the county equalization board, meeting on the first Monday of July, and by the state board, holding its session in the latter part of July. Subsequently thereto the county commissioners were required to levy and extend the taxes upon the assessment roll, and the law provides that the same shall become due and payable on the 1st day of December. Until the levy was made, the amount of the assessment was not determined. It is quite clear, therefore, that until the value of the property is definitely determined by the various boards provided to review and correct the assessments as returned by the assessor, and the determination of the share of taxes to be paid by the individual under the levy made by the board of county commissioners, the assessment is not completed. There being, therefore, no completed assessment on the 1st day of July, 1901, there was no

tax due and payable, and none that could have been paid by her, for that year prior to that date.   It will thus be seen that the defendant Lisa L. Nelson and her grantors and predeces- sors in interest were in the actual possession of the property under claim and color of title made in good faith, and that all of the taxes for the ten years succeeding the 1st of July, 1891, up. to the first day of July, 1901, were paid and discharged by her, her grantors or predecessors in interest.  She, therefore, on the 1st day of July, 1901, was clearly entitled to be adjudged to be the legal owner of the said lands and tenements to the extent and according to the purport of her paper title.  .

. . It is further contended, however, by the appellants, that the land was not subject to taxation and could not have been legally assessed prior to February 11, 1892, for the reason that the period of five years from the date of the patent to Pazi did not expire until that date.   The predecessors in interest of Lisa L. Nelson were, as we have seen, in possession of the property from 1889, including the years 1890 and 1891, and pre- sumably had improvments thereon which were subject to taxa- tion, and taxes were actually assessed, as appears by the rec- ord, upon the property, and, so far as the record shows, were apparently regular, and their payment constituted compliance with the law, notwithstanding they might have been illegal as against Adam Pazi had he continued in possession of the prop- erty, or as against the government of the United States, a point we do not now decide.   In other words, when the defen- dant Lisa L. Nelson, her grantors and predecessors in interest, had been in actual possession of the property, under color of title, in good faith, for a period of 10 years, and paid taxes for the required length of time, title will be adjudged good in her

notwithstanding the assessment might have been, for one or more of those years, technically illegal. The term "legally assessed" as used in this section may be properly construed to mean "assessed under color of legal authority." This seems to have been the view of the Supreme Court of Illinois in the well-considered case of Elston et al. v. Kennicott et al., 46 Ill. 187, decided in 1867, construing their statute of limitations of 1839, which is, as has been stated by this court (Bennett v. Moore, 18 S. D. 109), substantially the same as our statute, with the exception that the limitation is for 7 years instead of 10. In that case that learned court, in discussing this question, in its opinion says: "The people of this state, through their representatives in the General Assembly, have said to its citizens and to all others, 'If any one or more of you have color of title made in good faith to a tract of land, and have paid all taxes legally assessed thereon for seven successive years, and are in the actual possession, your right to the possession shall not be questioned in our courts.' The object of this law evidently was to prevent speculative litigation and to quiet titles, and, in doing this, to encourage and promote the payment of taxes, so indispensable to the support of government. Color of title made in good faith, payment of taxes for seven successive years, and actual possession are to be taken, subject to the exceptions contained in the saving clause of the statute, as conclusive evidence of the right of possession, in the same way and with the same force as 20 years' adverse possession without color of title, and without payment of taxes, amounted to the evidence of such right under the old law. * * * But suppose, on the other hand, he has paid all the taxes in fact assessed, under color of legal authority, during the

seven years, would it not be equally unreasonable and unjust to permit his right of possession to be defeated by proof that for one or more of those years the assessment was technically illegal? Like the other supposed case, he would be within the letter of the statute, because he has paid all the, taxes legally assessed, and, unlike the other case, he would also be within its reason and spirit, because he has paid all the taxes actually assessed, without regard to any technical illegality. He has, in short, given that evidence of right of possession upon which the theory of the statute rests. After much and careful deliberation, we have come to the conclusion on this point that the proper construction of the statute is that there must be in all cases an actual payment of taxes for seven successive years, and, when this is shown, the purpose of the statute is answered, even although it may appear that for some of those years, or for all of them, the assessment was illegal." This construction of their section by the Supreme Court of Illinois meets with our approval, and, being a construction given the statute prior to its adoption by the Legislature of this state, it may be regarded as binding upon this court. It is a well-settled rule of construction that, where a statute of another state is adopted as the law of this state, the construction given to the law prior to its adoption by this state is presumed to have been adopted with the law itself. State v. Reddington, 7 S. D. 368, 64 N. W. 170; White v. Chicago, M. & St. P. R. R., 5 Dak. 508, 41 N. W. 730; Cass Co. v. Security Improvement Co., 7 N. D. 528, 75 N. W. 775; Oswald v. Moran, 8 N. D. 114, 77 N. W. 281.

Under the view we have taken of the construction to be given the section in controversy, we deem it unnecessary to determine the question as to whether or not the property could

be legally assessed prior to February, 1902, as it was in fact assessed, under color of legal authorty, prior to 'that time.

The judgment of the circuit court and order denying a new trial are affirmed.

FULLER, J., took no part in this decision.