The Illinois Central Railroad Company, Appellant, *vs.* Joseph Cavins, Appellee.

*Opinion filed February 19, 1909.*

1. Limitations—*title cannot be acquired under section 6 without payment of legal taxes.* To establish a title by limitation, under section 6 of the Limitation act, there must not only be color of title acquired in good faith and possession for the requisite period of seven successive years, but there must also be payment, during such time, of "all taxes legally assessed" upon the property.

2. Same—*payment of taxes based on void assessments is unavailing.* The payment of taxes based upon void assessments by the local assessor cannot be relied upon to establish a title by limitation, under section 6 of the Statute of Limitations.

3. Taxes—*when assessment by local assessor is void.* The fact that an entire lot, a portion of which is occupied by railroad tracks, is returned by the railroad company as "railroad track" and assessed by the State Board of Equalization does not preclude the local assessor from assessing that part of the lot which is not, in fact, "railroad track," but in making the assessment he must describe the part assessed by him, so that it can be identified, and if he assesses the entire lot, including the portion which is "railroad track," the assessment is void and no valid tax can rest upon it.

Vickers, J., dissenting.

Appeal from the Circuit Court of Coles county; the Hon. M. W. Thompson, Judge, presiding.

Edward C. Craig, (John G. Drennan, of counsel,) for appellant.

Voigt & Bennett, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of ejectment commenced by the appellant, the Illinois Central Railroad Company, against Joseph Cavins, the appellee, in the circuit court of Coles county, to recover possession of lot 2, in block 231, in the original town (now city) of Mattoon, except the north-east part of said lot. The following diagram will show the situation of the entire lot:

The evidence introduced at the trial established, without contradiction, that N. G. James, on April 8, 1878, was the owner in fee of said lot 2; that on that day he conveyed said lot to the Grayville and Mattoon Railroad Company, but that the deed was not recorded until September 25, 1906; that in 1879 the Grayville and Mattoon railroad was constructed through the town of Mattoon, across the north-east part of the said lot; that by a regular chain of conveyances the Illinois Central Railroad Company secured title to said lot in fee and is now operating a railroad upon the track originally constructed across said premises. The appellant has therefore shown its ownership of the premises in fee, and is entitled to recover unless the appellee has shown a defense to the action.

In 1885 Robert S. Hodgen obtained a tax deed to said lot 2, and on April 16, 1892, conveyed all of said lot to J. J. Gannaway. Upon receipt of the deed from Hodgen J. J. Gannaway took possession of the portion of the lot that is now in controversy and repaired an old barb wire fence which enclosed it and moved an old barn upon it, and used it until 1902 as a feed lot for horses, cattle and hogs. During the ten years that J. J. Gannaway was in possession of said premises he paid all taxes upon all of said lot 2 which had been levied upon the assessments made by the local assessors, including a special assessment for constructing a sidewalk along the west side of the lot. On the 30th day of July, 1902, J. J. Gannaway conveyed said lot 2 to Sarah L. Gannaway, and by a regular chain of conveyances the title acquired by J. J. Gannaway, if any, has vested in the appellee. In the year 1905 the appellant attempted to take possession of said lot, and the appellee objecting, it brought this suit. The case was tried before the court without a jury. Certain propositions of law were presented by the appellant, which were refused, and a judgment was rendered against the appellant, and it has prosecuted this appeal.

The appellee relies upon section 6 of chapter 83, Hurd's Statutes of 1908, as establishing in him a title by limitation. That section of the statute reads, in part, as follows: "Every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who shall, for seven successive years, continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title."

It is contended by the appellant that the appellee has failed to establish facts necessary to show a title by limitation by virtue of the provision of said section 6 of the

statute. We think it may be conceded that the tax deed to
Robert S. Hodgen was good color of title, and that J. J.
Gannaway was in possession of the premises in controversy
for the required length of time upon which to base a title
by limitation under section 6 of the Limitation act. We
are of the opinion, however, that the appellee has failed to
show the payment of all taxes legally assessed on the said
premises for seven consecutive years. Three things must
concur to establish a title by limitation under said section 6:
(1) Color of title; (2) possession under claim and color
of title made in good faith for the requisite time; and (3)
payment of all taxes legally assessed for seven successive
years. To establish his defense it was therefore necessary
that the appellee show that he had paid all taxes legally as-
sessed against said premises for seven consecutive years, as
no title by limitation under said section 6 can be built up
without the payment of taxes. If the land is not subject
to taxation or is not assessed for taxation a title by limi-
tation cannot be acquired short of twenty years. (*Wisner*
v. *Chamberlin,* 117 Ill. 568; *Donahue* v. *Illinois Central
Railroad Co.* 165 id. 640.) During the time intervening
since the year 1885, when said tax deed was issued, said
lot 2 has been assessed by the State Board of Equalization
as "railroad track" and the appellant has annually paid all
taxes on said lot 2 based upon said assessments, and during
said time the local assessors have assessed said lot 2 and
the appellee has annually paid taxes on said lot 2 extended
upon said assessments. The statute makes it the duty of
every railroad company to return all its real estate either
as "railroad track" or as "real estate other than that de-
nominated 'railroad track,'" (*Chicago and Northwestern
Railway Co.* v. *People,* 195 Ill. 184,) and the real estate
denominated "railroad track" is assessable by the State
Board of Equalization and that denominated other than
"railroad track" is assessable by the local assessor. The
real estate of the railroad company is not assessable, how-

ever, by both the State Board of Equalization and the local assessor, as that would lead to double taxation. Neither can a railroad company change the character of its real estate by the manner in which it is returned by it for assessment, and if real estate is returned as "railroad track" which is not "railroad track," the local assessor is not barred from assessing it as real estate other than "railroad track." He must, however, in making the assessment, proceed according to law or the assessment will be void. *Chicago and Alton Railroad Co.* v. *People,* 99 Ill. 464; *Wabash Railroad Co.* v. *People,* 196 id. 606; *Chicago and Eastern Illinois Railroad Co.* v. *People,* 218 id. 463.

There has been much discussion in the briefs filed as to whether lot 2 in its entirety is "railroad track" or whether the portion thereof in controversy is real estate other than "railroad track." That question we do not think need be decided in order to reach a correct conclusion in this case. If the entire lot is "railroad track," the tax levied thereon annually, based upon the assessments by the State Board of Equalization, was legally levied and was paid by the appellant, so that the appellee can take no benefit by reason of the assessments by the State Board of Equalization. If, on the contrary, those assessments were void by reason of the fact that the assessments included real estate not "railroad track," the appellee did not pay the taxes levied by virtue of such assessments and can therefore take no benefit from such illegal assessments. The appellee, however, claims no benefit by virtue of having paid the taxes levied upon the assessments of said lot by the State Board of Equalization. His rights, if any, are claimed to be based upon the payment of taxes levied upon the assessments made by the local assessors. The local assessors from 1885 forward assessed all of lot 2, and it is conceded by appellee that a portion of lot 2 is "railroad track." If any portion of lot 2 was not "railroad track" that portion was assessable by the local assessors. Their assessments should not have been made up-

on lot 2 as a whole, but the local assessors should have assessed the portion of said lot 2 which was not "railroad track" and so described the same that the portion assessed by them could be identified. This was not done but the lot was assessed as a whole. This would lead to double taxation and rendered the assessment void. (*Chicago and Eastern Illinois Railroad Co.* v. *People, supra.*) The assessments by the local assessors therefore being void no valid tax could be based thereon, and the taxes based upon the assessments by the local assessors being void the appellant was not bound to pay them; neither could the appellee acquire title to the portion of said lot 2 in controversy, under section 6 of the Limitation act, by the payment of a tax based upon a void assessment.

It is also contended that the appellee did not have notice that appellant's grantors were the owners of said lot 2, as the deed from James to the Grayville and Mattoon Railroad Company was not on record. The Grayville and Mattoon Railroad Company was in possession of the east part of the lot with its railroad track after 1879. This was notice of appellant's and its grantor's rights in the entire lot. *Godfrey* v. *Dixon Power and Lighting Co.* 228 Ill. 487.

It is further contended the appellant was guilty of such *laches* in bringing its suit as to bar its right to recover. This is an action of ejectment in which the legal title to said portion of lot 2 was alone involved, and the legal title of appellant could not be defeated in this action by its delay in asserting its title unless the delay was such as to be a bar under the twenty-year Statute of Limitations.

The judgment of the circuit court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. Justice Vickers, dissenting.