PLOWMAN, Appellant, v. MORDEN, Respondent.

(146 N. W. 914.)

**1. Taxation—Tax Deed—County as Bidder—Recital, Effect of.**
    A tax deed, reciting that the county was a competitive

bidder at the sale pursuant to which the deed issued, is void upon its face.

**2. Statutes—Adoption From Another State—Judicial Construction, Following Parent State Court.**

Where a statute is adopted from the law of another state whose courts had previously construed such law, it will be deemed to have been adopted with the construction placed upon it by the courts of such other state.

**3. Real Property—Tax Title—Adverse Possession—"Payment" of Taxes—Redemption.**

Where defendant had been in possession under void tax deed for more than ten years, but during several years, essential to show ten years' payment of taxes, he had redeemed the land from tax sales, held, such redemption did not constitute "payment of taxes" within the meaning of Sec. 54, Code Civ. Proc., concerning legal ownership of occupant by payment of taxes for ten years, etc.

(Opinion filed April 20, 1914.)

Appeal from Circuit Court, Lawrence County. Hon. WILLIAM G. RICE, Judge.

Action by Adoniram J. Plowman against Samuel E. Morden, to quiet title to realty. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Robert C. Hayes,* and *John T. Heffron,* for Appellant.

The purchase by the county at public sale is void. (S. D.) Joy v. Midland State Bank, 128 N. W. page 152 (End of second column.); (S. D.) Reckett v. Knight, 16 S. D. 395, 92 N. W. 1077.

The defendant has not paid all taxes legally assessed on this NW¼ of Section 25 during ten years, or during any ten year period, hence no title has vested in him.

The Illinois rule, that the limitation commences to run from the date of the first payment of taxes, was adopted by this Court. Bennett v. Moore, 18 S. D. 109-111, 99 N. W. 855.

Payment of taxes for ten successive years, under color of title, is the rule. (S. D.) Hohn v. Bidwell, 130 N. W. 837; (S. D.) Murphy v. Nelson, 19 S. D. 197; 102 N. W. 691; 1 Cyc. p. 1111; Cyc. Permanent Vol. Annotations, 1901-1913, "Adverse Possession," 1111 New.

A redemption from tax sale does not constitute payment of taxes to sustain title by adverse possession. (Colo.) Webber v.

Wannemaker, 89 Pac. 780.; 7 P. 783; 1 Cyc. 1109; 11 Ill., 402, p. 414, Irving v. Brownell; (Ill.) Wettig v. Bowman, 47 Ill. 17; (Cal.) McDonald v. McCoy, 121 Cal. 55, 53 Pac. 421.

*Robert N. Ogden,* for Respondent.

GATES, J. [1] This is an action begun July 7, 1910, to quiet title to 320 acres of land in Lawrence county. The defendant claims under a tax deed dated August 21, 1897, and recorded on August 23, 1897, issued upon a sale for the taxes of 1892. The sale was made to Lawrence county. The deed is void upon its face because it recites that the county was a competitive bidder at said sale. Reckitt v. Knight, 16 S. D. 395; 92 N. W. 1077; Joy v. Midland State Bank, 26 S. D. 244, 128 N. W. 147.

The learned trial court found: That the said defendant, Samuel E. Morden, in good faith has paid all of the taxes assessed against said premises and each part and parcel thereof for all the years since 1897, including the taxes for the year 1910," and also that the defendant had been in actual possession of the premises for more than ten years. As a conclusion of law, the court found that even though void on its face, the tax deed had ripened into title by reason of possession and payment of taxes by defendant for more than ten successive years prior to the beginning of the action. Judgment was entered quieting title in defendant. From the judgment and order denying a new trial, plaintiff has appealed.

There are many objections urged by appellant to the validity of respondent's claim of title, but we find it unnecessary to decide or discuss more than one of them. Section 54, C. C. P. reads as follows: "Every person in the actual possession of lands or tenements under claim and color of title, made in good faith, and who shall have continued for ten successive years in such possession, and shall also during said time have paid all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements to the extent and according to the purport of his paper title. All persons holding under such possession, by purchase, devise or descent, before said ten years shall have expired, and who shall have continued such possession and payment of taxes as aforesaid so as to complete said term of ten years of such possession and payment of taxes shall be entitled to the benefit of this section."

[2] This court has held, in Murphy v. Nelson, 19 S. D. 197, 102 N. W. 691 that we adopted this statute from Illinois and hence with the construction theretofore placed thereon by the courts of that state. In Irving v. Brownell, 11 Ill. 402; Wettig v. Bowman, 47 Ill. 17; Woodruff v. McHarry, 56 Ill. 218; Holbrook v. Dickinson, 56 Ill. 497; Hart v. Randolph, 142 Ill. 521, 32 N. E. 517, that court held that a redemption from tax sale was not a payment of taxes within the meaning of that statute. See, also, McDonald v. McCoy, 121 Cal. 55, 53 Pac. 421; Weber v. Wannemaker, 39 Colo. 425, 89 Pac. 780. This court in Cain v. Ehrler. 33 S. D. 536, 146 N. W. 694, decided at this term, has adopted the views above expressed.

[3] It appears from the evidence that redemption was made by respondent on February 1, 1901, from a sale or sales for the taxes of the years 1898 and 1899 upon all of the land in question except one "forty." It appears from the evidence that redemption, from a sale or sales of all of the property under which the taxes for the years 1900, 1901, 1902, 1903 and 1904 (and prior years) were paid "as subsequent," was made by respondent on August 29, 1906. It is immaterial whether respondent held those tax sale certificates and made the payments himself "as subsequent" to those certificates, or whether some other person did so. So far as action was taken by respondent in the matter under his claim of title by reason of the tax deed and possession, it was not taken until February 1, 1901, in the one case and August 29, 1906, in the other, and the action taken by him in both cases constituted redemptions and not payments of taxes within the meaning of section 54 C. C. P. The payment of the taxes for 1910 as found by the trial court could not possibly have been made prior to the beginning of the action, so that respondent actually only paid the taxes for five successive years prior to the beginning of this action, viz: for the years 1905, 1906, 1907, 1908 and 1909.

The tax deed being void upon its face and the possession of the land by respondent for 10 years or more being unaccompanied by the payment of taxes for 10 successive years prior to the beginning of the action, it necessarily follows that the void tax deed has not ripened into a good title; hence the finding, conclusions and judgment rendered by the trial court were erroneous. Appellant is entitled to a decree in the trial court quieting the title in him

upon payment by him of the tax investment of respondent in said premises.

The cause is remanded with directions to proceed in accordance with the views herein expressed.