## No. 9699.

### FREY v. PAUL, ET AL.

Decided November 8, 1920.

Action to quiet title to an irrigation ditch and water right.  Judgment for defendants.

*Affirmed.*

1. WATER RIGHTS—*Quieting title—Statute of limitations.*  In an action to quiet title to irrigation ditches, one who pleads the seven year statute of limitations is not required in the first instance to either prove payment of taxes or nonassessment.

*Error to the District Court of Chaffee County, Hon. James L. Cooper, Judge.*

Mr. G. K. HARTENSTEIN, for plaintiff in error.

Mr. GILBERT A. WALKER, Mr. ALVIS L. JEFFREY, Mr. EDWIN H. STINEMEYER, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error brought this action against defendants in error to quiet title to a certain irrigation ditch and adjudicated water right.  Defendants pleaded title in themselves, and also set up the seven year statute of limitations, sec. 4089, R. S., 1908.  From a judgment for defendants plaintiff brings the cause here for review.  Other matters were included in the action, and other questions decided, none of which require our consideration.

Sec. 4089 R. S., 1908 requires only of claimant there-under that he "pay all taxes legally assessed" during the running thereof.  Sec. 5546 R. S., 1908, provides, "that all ditches used for the purpose of irrigation, and that only where the water is not sold for the purpose of deriving a revenue therefrom, be and the same are hereby declared free from all taxation, whether for State, County or municipal purposes."

No evidence was offered on the trial by plaintiff or defendants as to the levy of any taxes on the property in question.  It is perfectly clear that if no taxes were assessed, no payment was required.  The question between the parties here is upon which rests the burden of proof on this subject.  Plaintiff says on defendants under the general rule as laid down in *Evans v. Welch,* 29 Colo. 355, 364, 68 Pac. 776, and the special application thereof apparently made in *Laughlin v. Denver,* 24 Colo. 255, 50 Pac. 917.  Defendants concede the general rule but contend that by virtue of said sec. 5546, R. S. 1908 irrigation ditches are an exception.  In *Laughlin v. Denver, Supra,* the court expressly found that there was no proof of color of title.  Without color of title the payment of taxes was immaterial.  No other Colorado authority in point is called to our attention.  Plaintiff cites three Illinois cases upon which much stress is laid because our statute came from that State.  *Wisner v. Chamberlin,* 117 Ill. 568, 7 N. E. 68; *Ill. Cen. R. Co. v. Cavins,* 238 Ill. 380, 87 N. E. 371; *Donahue v. Ill. Cen. R. Co.,* 165 Ill. 640, 46 N. E. 714.  But the act was adopted here in 1874, prior to the Illinois decisions, hence they stand upon the same footing as authority as do those of other jurisdictions.  In the last of these cases the phrase, "Taxes legally assessed," is considered and the payment of an illegal assessment held insufficient.  In the other two no weight seems to be given the phrase.  The holding in both being that non-assessable property is not within the statute.

Reason would seem to require that in dealing with property generally non-assessable the burden of proof should be assumed by one whose rights depend for their mainte-

nance upon an exception. Such has been the holding in California with the exception of *Reynolds v. Willard,* 80 Cal. 605, 22 Pac. 262; *Oneto v. Restano,* 78 Cal. 374, 379, 20 Pac. 743, 746; *Monroe v. Pleasants,* 182 Pac. 330. This construction is also supported by the following: Weil, Water Rights (2nd Ed.) Sec. 251, p. 381; 2 Kinney on Irrigation (2nd Ed.) Sec. 1054, p. 1893.

We are therefore of the opinion that in actions to quiet title to irrigation ditches, one who pleads the seven year statute of limitations is not required in the first instance either to prove payment of taxes or non-assessment.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE TELLER concur.