JUDD, Respondent v. MEOSKA et al., Appellants

(82 N.W.2d 283)

(File No. 9615. Opinion filed April 5, 1957)
Rehearing denied May 10, 1957

**M. Q. Sharpe, John W. Larson,** Kennebec, for Plaintiff and Respondent.

**H. F. Fellows, Roswell Bottum, John E. Goodrich,** Rapid City, for Defendants and Appellants.

SMITH, P. J. In this action to determine adverse claims to 800 acres of Jones county land, the defendants, who deraign title from original owners of the real estate, have appealed from a judgment quieting title in plaintiff, whose color of title rests upon tax deeds to Jones county, and resale deeds from Jones County. The tax deeds to Jones county are regular upon their face, but are admittedly void because of jurisdictional defects in the tax deed proceedings. The trial court's judgment rests upon two theories. It was of the view that (1) plaintiff had established ownership through actual possession of the property under claim and color of title made in good faith and the payment of such taxes as were levied during ten successive years as provided

by SDC 33.0228, and (2) defendants are estopped by their laches to question plaintiff's title. The defendants assert that neither of these theories finds support in the record.

 The facts which induced a holding by the trial court that plaintiff had established actual possession and payment of taxes for ten successive years under claim and color of title made in good faith as required by SDC 33.0228 are not in dispute. The period of ten successive years upon which this holding rests includes the years during which the property was possessed by Jones county under the above mentioned tax deeds. While the property was so possessed by the county, taxes were neither assessed thereon nor paid by Jones county. Taxes were not assessed during this period because the property was deemed to be exempt from taxation as provided by § 5, art. XI, constitution of South Dakota. That tacking is permitted by the express terms of the statute is admitted. The point made by counsel for the appealing defendants is that the court erred in tacking the possession of Jones county to the continuous possession of plaintiff and plaintiff's predecessors in interest and possession to complete the ten-year period requisite to the creation of title under SDC 33.0228. They contend that because taxes were not paid during the three years the lands were possessed by the county, the facts do not support the court's conclusion. The problem presented by this contention is one statutory construction.

SDC 33.0228 reads as follows: "Every person in the actual possession of lands or tenements under claim and color of title made in good faith, who shall have continued for ten successive years in such possession, and shall also during said time have paid all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements to the extent and according to the purport of his paper title. All persons holding under such possession by purchase, devise, or descent before said ten years shall have expired, and who shall have continued such possession and payment of taxes as aforesaid so as to complete said term of ten years of such possession and payment of taxes, shall be entitled to the benefit of this section."

This statute, adopted as section 1, Ch. 24, Laws 1891, was taken from Illinois. Murphy v. Nelson, 19 S.D. 197, 102 N.W. 691. The limitation of seven years as provided by Illinois, (Ill.Stat. 1872, p. 257) was extended to ten years by our legislature. The problem which confronts us had been resolved by the Illinois court prior to the adoption of the statute by South Dakota. In May 1886, in Wisner v. Chamberlin, 117 Ill. 568, 7 N.E. 68, at page 71, that court, wrote: "It is insisted that the possession of the north 134 feet of the property in question by the South Park Commissioners, from 1870 to 1872, under the deed thereof from Rees, makes good title in the park commissioners under the seven-years limitation law. It is seven years' possession under color of title, accompanied with the payment of taxes, which bars title under the limitation act. There was here no payment of taxes on the land during the seven years; but being park property and as such exempt from taxation, it is claimed that such exemption is equivalent to payment of taxes. We do not so think. If the land was exempt from taxation, and so there were no taxes to pay, then this limitation act could not be made to apply here. Seven years' possession under color of title, without payment of taxes, will not bring a case within the act."

And again, citing the foregoing case as authority, that court in 1909, in Illinois Cent. R. Co. v. Cavins, 238 Ill. 380, 87 N.E. 371, at page 372, wrote: "Three things must concur to establish a title by limitation under said section 6: (1) Color of title; (2) possession under claim and color of title made in good faith for the requisite time; and (3) payment of all taxes legally assessed for seven successive years. To establish his defense it was therefore necessary that the appellee show that he had paid all taxes legally assessed against said premises for seven consecutive years, as no title by limitation under said section 6 can be built up without the payment of taxes. If the land is not subject to taxation or is not assessed for taxation, a title by limitation cannot be acquired short of 20 years."

In dealing with this statute in Murphy v. Nelson, supra [19 S.D. 197, 102 N.W. 694], this court said, "It is a well-settled rule of construction that, where a statute of another

state is adopted as the law of this state, the construction given to the law prior to its adoption by this state is presumed to have been adopted with the law itself." And see Plowman v. Morden, 33 S.D. 593, at page 596, 146 N.W. 914.

Of course, the quoted construction placed upon the statute by the Illinois court is not binding on us unless we feel that construction is sound and based on reason. State v. Nelson, 58 S.D. 562, 237 N.W. 766, 76 A.L.R. 1226; and Melby v. Anderson, 64 S.D. 249, 266 N.W.135

We are in accord with the view expressed by the Illinois court in the Wisner case. Implicit in an affirmance of the holding of the trial court that the ten-year requirement of possession and payment of SDC 33.0228 is met by including therein the years the land was possessed by Jones county, would be the corollary that possession by a county under like circumstances for the full ten-year period would warrant a decree adjudging the county to be the owner of the lands so held. It seems plain to us that such a result is not within the contemplation of the statute. Wihout doubt, as the courts have indicated, cf. Annotation, 132 A.L.R. at page 218, more than a single object induced the enactment of this legislation. That an intention to encourage the payment of taxes was in the forefront of the legislative mind is revealed by the context of the statute and by its title. The title of Ch. 24, Laws 1891, reads, "An Act Declaring the Effect of Continued Payment of Taxes on Land Held Under Color of Title." The statute speaks to those who **pay taxes.** It offers those who possess property under color of title a method of perfecting their titles through the payment of the taxes legally assessed against that property. We do not believe the legislature intended by indirection—that is to say, through the operation of SDC 33.0228 and the cited exemption provision of the constitution—to provide for the creation of good title in the state, our counties, school districts and municipal corporations through ten years adverse possession without the payment of taxes. It seems reasonable to believe that such an intention would have been made explicit. Obviously, title in the state, a county, a school district, or a municipal corporation would not be created by the

"continued payment of taxes" to which reference is made in the title to the 1891 act.

We are not unaware of the decisions of the California court beginning with Ross v. Evans, 1884, 65 Cal. 439, 4 P. 443, cf. 13 West's Annotated California Codes, Annotation to § 325, Civil Procedure, p. 520, and 20 Cal.L.Rev. at 439, which excuse a claimant from proving payment of taxes if no taxes have been assessed. Whether such circumstances, aside from the operation of provisions exempting property from taxation, will excuse a person, claiming title through adverse possession under color of title, from establishing payment of taxes for one or more of the requisite ten years is a question we reserve until occasion arises for an authoritative decision.

■ The conclusions of the trial court that defendants were estopped by their laches rests upon undisputed facts. Defendants and their predecessors in interest paid no taxes on the property from 1931 through 1951 when this action was commenced. On three occasions inquiry was made of the county treasurer as to the amount required to redeem. The treasurer could not remember the names of the persons who inquired. Because they stated they were interested in the property, it is assumed these inquiries were made by or on behalf of the defendants. In 1940 the county received its tax deeds, and took possession through a lessee. In 1943, and 1944 Jones county sold to plaintiff's grantor. Thereafter, the land was improved by about three miles of fencing, the construction of a dam involving the moving of 7,500 yards of earth, and by breaking 188 acres. For seven years plaintiff and his grantor have operated this property as part of their ranch, and have paid the taxes thereon. Instruments in the chain of title indicate the defendants have resided at Plankinton, more than 100 miles from the land. Plaintiff introduced evidence to the effect that the defendants had not been seen at the ranch, and that plaintiff had received no communications from them.

The contention of plaintiff is that defendants were guilty of such gross negligence in the premises as to amount to a constructive fraud. In the case of Kraft v. Corson County, 71 S.D. 382, 24 N.W.2d 643, 644, facts which cannot be dis-

tinguished from those presented by this record were before this court. In that case we quoted from Brant v. Virginia Coal & Iron Co., 93 U.S. 326, 23 L.Ed. 927, as follows: "For the application of the doctrine (equitable estoppel) there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence on his part as to amount to constructive fraud, by which another has been misled to his injury. * * *" Then in treating of the conduct of the owners of the property who lived over in Minnesota, we said, "A holding that either Smith or the bank had constructive knowledge of the use and improvement of the property by the plaintiff and because of this constructive knowledge was duty bound to speak or act, would simply amount, under the circumstances here presented, to a shortening of the statutory period required for adverse possession to ripen into a title. In the absence of some affirmative act or actual fraud we do not believe that the owner of property who has simply failed to pay taxes, and who has had no actual knowledge of the possession or improvement of the property by the purchaser at a tax sale should be estopped from asserting the invalidity of the tax deed proceedings at a time short of the statutory period of limitation."

That ruling is controlling in this case. The plaintiff failed to establish that defendants had more than constructive knowledge of the possession and improvement of the property.

It is our holding that the evidence fails to establish either that the plaintiff acquired title through SDC 33.0228, supra, or that defendants are estopped by laches from asserting the invalidity of the tax proceedings.

The judgment of the trial court is reversed.

All the Judges concur.