## WILLIAM CLARK
### *v.*
## JOSEPH LYON.

1. LIMITATION OF ACTIONS — *seven years' limitation act — when the statute begins to run.* Under the seven years' limitation act of 1839, the concurrence of three things is required before the limitation begins to run, — namely, color of title, possession, and payment of taxes.

2. SAME — *payment of taxes — when cannot relate back to date of possession taken.* And where the first payment of taxes was made after the acquisition of color of title and possession, such payment cannot relate back to the time when possession was acquired.

3. SAME — *before the bar is complete — seven full years must have passed since the first payment of taxes.* The payment of taxes for seven years, coupled with color of title and possession, is not sufficient to create the bar; a period of seven full years must have intervened between the day when the first payment of taxes was made and the day of the commencement of suit.

4. SAME — *twenty years' adverse possession — party claiming under, what he must show.* Where a party claims to have held adverse possession for a period of twenty years, in order to avail himself of that defense he must show, that he, and those under whom he claims, have had the *actual* possession of the premises for twenty years before suit is brought.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The opinion fully sets forth the facts in this case.

Messrs. J. N. & I. N. BASSETT, for the plaintiff in error.

Messrs. GOUDY & CHANDLER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

William Clark brought an action of ejectment, in the Mercer Circuit Court, against Joseph Lyon, to recover the W. ½ of the S. E. ¼, section 14, T. 13, N. 1 W. It appeared in evidence on the trial in the court below, that the land was patented on the 6th day of October, 1817, to Daniel Dunovan. That he, on the 17th day of August, 1819, conveyed it to James Clark. That he, on the 22d of May, 1851, conveyed to William Clark, plaintiff below. It was' also stipulated, that defendant below was in possession at the time the declaration was served on him.

Defendant set up as a defense a conveyance from David Graham to David H. Frisbie, dated January 23, 1858, also a deed from Frisbie to Solomon Lyon, dated November 1, 1861. A bond from Frisbie to Lyon, dated June 15, 1857, by which the obligor agreed to convey to the obligee the land in controversy, on the condition that the latter should pay to the former $300 on the 1st of January, 1858; and, on the 1st of February following, $100; on the 1st of January, 1859, $300; and on the 1st of January, 1860, $300. The bond contained this condition: "Now, if the said Solomon Lyon shall well and truly pay or cause to be paid the above named notes, and all the taxes assessed on said land, then the said D. H. Frisbie shall execute and deliver to the said Solomon Lyon a good and sufficient quitclaim deed to and for the above described premises, and give possession to the premises on the 1st of March, 1858, being the title which the said D. H. Frisbie acquired from David Graham."

A bond from Graham to Frisbie, for the conveyance of the same land on the 10th of March, 1858, on the payment of the purchase money, was also read in evidence. This evidence was offered to show color of title, and was admitted without objection. Tax receipts to Solomon Lyon from the year 1859, paid on the 14th day of January of that year, to the year 1863, on the 3d of February of that year, inclusive, were offered in evidence; also a tax receipt to T. J. Jones, guardian of Samuel

Lyon, dated December 24, 1864, for taxes on the land for the year 1864. They were admitted without any objections except as to their legal effect.

For the purpose of showing good faith, Graham was called as a witness, and he testified that he purchased the land from Sears in the fall of 1846, and received a quitclaim deed; that it was acknowledged before a justice of the peace; that Sears, his grantor, had a conveyance from Gates to himself, which was delivered to him when he purchased of Sears. It was dated previous to that time. He also delivered to Graham the patent for the land, on the back of which was a conveyance from Dunovan to Gates. That these deeds were not recorded, and were, with the patent, burned in his house in 1849.

That he went into possession of the whole quarter immediately after purchasing, and so remained until he sold to Pangburn the east half of the quarter, but still remained on the west half until he sold it to Frisbie; that the whole was under cultivation when he left it. Jones testified that he had known the land since 1850; that G   am then occupied it and continued in possession until 1857;    at Dunn & Cox occupied it in 1857, and when Cox, who was the last to leave, moved away, Solomon Lyon moved on the place, in the spring of 1858, and remained there until in the spring of 1864, when he died; that Joseph Lyon then occupied the place by residence under Solomon Lyon, and continued there until this suit was commenced; that witness was appointed administrator of Solomon Lyon's estate in August or September, 1864; that soon after, he was appointed guardian of Samuel Lyon, who is admitted to be the son of Solomon; that Joseph Lyon attorned to witness as such guardian; that he paid the taxes of 1864, in December of that year, as guardian for Samuel Lyon; that he claimed the land, and the whole of it, for his ward.

Plaintiff in error then called Brown to prove that Solomon had another child, a daughter. He stated that when Lyon moved on the land, his family consisted of a wife, son and daughter, but he had heard nothing of the wife or daughter for six or seven years. He also offered in evidence a deed

from Morse to Solomon Lyon, dated November 5, 1859, for the purpose of showing the want of good faith under the Frisbie title, and that the payment of taxes was not under the Frisbie deed, which was read without objection.  He also read in evidence a contract for a conveyance from James and Lewis Lombard to Solomon Lyon, dated on the 2d of April, 1863.  This contract contained a covenant for the payment of the purchase money and all taxes assessed for revenue purposes upon the land.  There was a receipt for $159 from Lyon, and one for $168 in full from Jones, as guardian, indorsed upon this agreement.

This evidence shows color of title, and possession in Frisbie and Solomon Lyon and his heirs for the requisite period, to create a bar under the act of 1839, if it was accompanied with the payment of taxes in the mode prescribed by the statute. The concurrence of the three things, as required by the statute, for seven successive years, commenced on the 21st day of December, 1858.  On that day color of title, possession of the land, and the payment of the taxes thereon, for the first time united, so that the statute could begin to run.  Then it was that payment of taxes was first made under Lyon's title.  Nor can the payment relate back to the time when possession was taken.  And counting from the date when the first taxes were paid, until the 21st of January, 1865, the date of the commencement of the suit, we have but six years and one month — eleven months short of the statutory period within which the continued acts of color, possession and payment of taxes could create a bar.  Had the suit not been brought until after the 21st of December, 1865, the bar would have been complete although no further taxes had been paid.  In such a case the three requirements would have concurred for the full period of limitation.  But in this case the latter requirement is wanting.  Although there are seven payments, and for the taxes for seven years, still there are not seven years from the first payment till the commencement of this suit.

Counsel in argument insist that there had been more than twenty years' possession of the premises in controversy, by

persons claiming title. It is only necessary to say that the record fails to disclose the fact, if it be true. Until it was proved, we can not apply the twenty years' limitation law. Whether the action was barred by that statute does not appear from the evidence. Graham does not appear to have been in possession for twenty years. And the evidence is silent as to whether Sears, of whom he purchased, had actual possession of the premises, or, if so, how long. To avail of that statute, the party must show that he and those under whom he claims have had the actual possession of the land for twenty years before suit is brought. Not having made this proof defendant in error is not in a position to invoke the aid of this last named statute.

For the errors indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversd.*