Thomas Lyman

*v.*

John J. Smilie *et al.*

LIMITATION—*payment of taxes.* It is not sufficient, to create a bar under the first section of the act of 1839, that the defendant has paid taxes for seven successive years under color of title, where the first payment of the taxes is not seven years before the commencement of the suit.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. EDMUND S. HOLBROOK, for the appellant.

Mr. G. D. A. PARKS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was ejectment, in the Will circuit court, originally brought by Walter Wright, plaintiff, and against John J. Smilie and Patrick Richards, defendants, to recover possession of a certain tract of land, described in the declaration. The plaintiff having died, Thomas Lyman, as his devisee, was permitted to prosecute as plaintiff. There was a trial by jury, and a verdict for the plaintiff as to one-fifth of the premises, and as to four-fifths the jury found the defendants not guilty. A motion for a new trial was denied, and judgment was rendered on the verdict, to reverse which plaintiff appeals.

The plaintiff made out a clear title from the government, and rested.

The defendant claimed to defend under the first section of the Limitation act of 1839. He succeeded in showing color of title and payment of taxes for seven successive years, and possession taken. . The infirmity of his case rests in this, that his first payment of taxes, to make seven years, was not seven years before suit was brought. Suit was brought December 18, 1875; taxes were first paid by defendant February 1, 1869,—not seven years before suit brought.

In *Clark* v. *Lyon*, 45 Ill. 388, it was held, under the Limitation act, that concurrence of three things was required before the limitation is complete, namely: color of title, possession, and payment of taxes; and further, that the payment of taxes for seven years, coupled with color of title and possession, was not, alone, sufficient to create the bar; a period of seven years must have intervened the day when the first payment of taxes was made and the day of the commencement of the suit. To the same effect is *McConnel* v. *Konepel*, 46 Ill. 519.

There not being the requisite concurrence to support defendant's claim, judgment should have been rendered for the plaintiff for the land.

It was error to refuse a new trial, and for the error the judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*