[No. 5042.]
[No. 2606 C. A.]

POLLEN, COUNTY TREASURER OF EL PASO COUNTY, v.
THE MAGNA CHARTA MINING & MILLING
COMPANY.

1.  Taxes and Taxation—Tax Sale—Division of County—Person to Execute Deed.

Where property was sold to an individual for taxes, and, after the sale and before the expiration of statutory period for issuing deed, such property was included in a new county, the treasurer of the new county is the proper person to execute a tax deed to the purchaser.—P. 91.

2.  Taxes and Taxation—Tax Sale—Redemption—Expiration of Time—Statutory Construction.

Section 3905, Mills' Ann. Stats., provides that real property sold for taxes may be redeemed by the owner at any time before the expiration of three years from the sale, and at any time before the execution of the deed to the purchaser.   Held, that, where three years had elapsed and the purchaser had done everything required by the statute as a condition precedent to obtaining the deed, but the county treasurer wrongfully refused to execute it, there can be no redemption.—P. 93.

*Error to the District Court of El Paso County.*
*Hon. Louis W. Cunningham, Judge.*

Mandamus by The Magna Charta Mining & Milling Company to compel C. A. Pollen, as county treasurer of El Paso county, to issue a certificate of

redemption from a tax sale.   From a judgment for plaintiff, defendant brings error.

*Reversed with instructions to dismiss the action.*

Mr. JAMES A. ORR, Mr. HENRY M. BLACKMER, Mr. R. L. CHAMBERS, and Mr. KARL C. SCHUYLER, for plaintiff in error.

Messrs. TIFFANY & WOODWORTH and Messrs. GUNNELL, CHINN & MILLER, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Mandamus by the assessed owner of lands to compel the county treasurer to issue a certificate of redemption from a sale thereof for non-payment of taxes.   There was a judgment for plaintiff, and defendant sues out this writ of error.

The case was tried upon an agreed statement of facts, and upon this review only questions of law are involved.   From the statement it appears that on and prior to the 11th day of December, 1897, plaintiff was the owner of certain mining claims situate within what was then a part of El Paso county.   The taxes levied and assessed thereon for the year 1896 were not paid by the owner, and because of such default they were sold by the treasurer of El Paso county on December 11, 1897, to a private purchaser, and the certificate of purchase issued therefor was afterwards duly assigned to, and became the property of, The Colorado Gold Mines Company.   At the sale, the county obtained all the taxes due it for the year 1896, and it is conceded in argument that all taxes levied upon and assessed against these mining claims for the years 1897 and 1898, while they were part of El Paso county, were received by that county.

On March 23, 1899, the general assembly created

the county of Teller out of a portion of El Paso and
Fremont counties, and included in, and as a part of,
the territory taken from the county of El Paso were
these mining claims.

On December 12, 1900, the term of three full
years allowed by statute for the redemption of lands
from the sale for taxes having expired, The Colorado
Gold Mines Company, the owner of the certificate
of purchase, presented the same to the county treas-
urer of Teller county, and paid the prescribed fees,
and demanded and received of him a tax deed for
the claims, which deed was filed for record in the
office of the county clerk and recorder of Teller coun-
ty. Thereafter and on various occasions between
the 11th of December, 1900, and February 19, 1901,
The Colorado Gold Mines Company tendered its
certificate of purchase to the county treasurer of El
Paso county, together with the proper statutory fees,
and demanded of him that he also execute a tax deed
to the company for these mining claims, but the treas-
urer of El Paso county, conceiving that it was not his
duty, but that of the treasurer of Teller county, to
make the tax deed under such a state of facts, re-
fused, and ever since has refused, to issue to the
certificate holder a tax deed, although the latter has
kept its tender good.

Thereafter, and on February 19, 1901, more than
three years after the tax sale, but before a tax deed
had been executed, the plaintiff, the original owner,
made application to the treasurer of El Paso county
to redeem the mining claims from the tax sale of
December 12, 1897, tendering the statutory amount
for redemption; but that officer refused to accept the
tender, or issue the certificate, because of the fore-
going facts. and for other reasons not necessary here
to state. .

1. It is to be borne in mind that the county of

El Paso did not bid in the property. At the tax sale it received all that was then due it as taxes upon the property sold. All subsequent taxes that were assessed and levied upon the claims in which it had any interest or for which it had a lien, were in its treasury at the time of the creation of the county of Teller. After Teller county was created, and thereby was withdrawn from El Paso county the property in question, El Paso county and its officers had no power over the same for purposes of taxation.

The act creating the county of Teller made provision whereby it obtained a transcript of the records of El Paso county in any way pertaining to the territory taken from the old, and put into the new, county. After the creation of the new county, taxes thereon could be levied and collected only by its officers. The amount thereof was shown in, and could be obtained only by an examination of, the books of Teller county. Section 3893, Mills' Ann. Stats., requires the county treasurer to make a correct record of all sales of real estate for taxes in a book kept for that purpose, which must include, among other things, the amount of subsequent taxes paid by the purchaser and the date of payment. Section 3899 provides that any person desiring to pay any subsequent taxes on any lands for which he holds tax certificates, shall produce such certificates to the treasurer, who is required to indorse thereon the amount of such subsequent taxes and the date of payment; and section 3907 provides that the county treasurer is the proper person to whom application for redemption must be made, and he is also the proper officer to execute the tax deed.

Our statutes nowhere provide that the treasurer who made the sale must also make the deed, but it is the incumbent of the office at the proper time who is invested with such authority. A fair construction

of the statute applicable, including the act creating Teller county, in so far as concerns the authority or duty of the county treasurer with respect to the execution of tax deeds for lands sold for taxes by the treasurer of El Paso county, and not bid in by that county, *before* the creation of Teller county, makes the treasurer of the latter the successor of the treasurer of El Paso county; in other words, in the legal sense, the treasurer of Teller county is, for the purpose under consideration, the successor of the treasurer of El Paso county. This ought to be so because the treasurer of Teller county, under the facts disclosed by the record, is the only officer who can determine from his official records who is entitled to redeem or to receive a deed, and the amount necessary to be paid for redemption. Such being true, he ought to be, and we hold that under the statute he is, the proper officer, and the only one, who is authorized by law under the facts of this case to issue certificates of redemption or deeds of conveyance.

2. But if the treasurer of El Paso, and not the treasurer of Teller, county is the proper officer to execute such instruments, the writ of mandamus ought not to have been granted. Section 3905, Mills' Ann. Stats., provides that real property sold under the provisions of the act may, on payment of the prescribed sum, be redeemed by the owner at any time before the expiration of three years from the date of the sale, and at any time before the excution of the treasurer's deed to the purchaser. It is the plaintiff's contention that although its application to redeem was made after the expiration of three years from the date of sale, and after the purchaser tried to get his deed, inasmuch as no treasurer's deed was issued to the purchaser, a certificate of redemption should have been issued.

It is true the statute says redemption may be made at any time before deed to the purchaser, but this does not mean the right to redeem continues after the purchaser does all he can to get his deed. In the case at bar, after the expiration of three years from the date of the sale, and before the plaintiff owner made application to redeem, the holder of the certificate of purchase applied to the county treasurer of El Paso county for a tax deed, and did everything which the statute requires him to do as a condition precedent to the right to have such deed, but the county treasurer refused to give it to him. By this compliance with the statute the right of the purchaser was perfected and could not be divested by the wrongful refusal of the treasurer to make the deed; nor would, in such circumstances, such refusal extend the right of the original owner to make redemption after the expiration of the three years from the date of sale, and beyond the time when the purchaser applied for his deed. Otherwise, a county treasurer could arbitrarily, and by his own wrong, and against the rights of the purchaser, extend the statutory period of redemption in favor of the original owner. This would violate the obligation of the contract, which the statute gives rise to, between the state and the purchaser who bids at a tax sale, which entitles him to a tax deed at a certain time upon the performance by him of the statutory condition. It has been decided that the legislature could not by statute thus impair the obligation of contracts; *a fortiori* the treasurer has no such power.—1 Cooley on Taxation (3d ed.) 1053, 1054, note 2.

For these reasons, and without passing on the other defenses interposed by the defendant and argued here, we are satisfied that the writ should have been denied. The judgment is therefore re-

versed and the cause remanded with instructions to dismiss the action.                                *Reversed.*

Chief Justice Steele and Mr. Justice Gabbert concur.