Cunningham, Judge.
This is an action instituted by the appellee Smith to quiet title to certain lands lying in the county of Washington, known and described as follows: The south half (%) of the southeast quarter (%) of section twenty-five (25), township two (2) north, range forty-nine (49) west of the sixth Principal Meridian. The case was tried on an agreed statement of facts wherein it is stipulated that, the appellee has good title to the land in question, unless appellant’s title, based solely upon a tax or treasurer’s deed, is superior.
The tax deed offered and relied upon by appellant shows on its face that the certificate of purchase on which said deed is based was originally issued to the county *79 (the land having been bid in by the county treasurer at a tax sale, October 16, 1894). This certificate of purchase was assigned to appellant’s grantor by the clerk of the county more than three years after its date, without any action appearing to have been taken by the board of county commissioners authorizing such transfer. It would therefore appear that the county clerk was attempting to proceed under the statute then in force, which authorized the clerk within three years from the date of the certificate to assign the same, the pertinent part of which reads as follows:
“Any person may at any time within three years from the date of such certificate deposit with the treasurer of such county the total amount due upon such certificate, due and unpaid, and the interest thereon since the date of such certificate, whereupon the clerk of the county shall assign such certificate to such person, and the treasurer shall give such person a receipt for any and all subsequent taxes and interest paid by such person, and thereupon such person shall be entitled to all the rights and privileges the same as though he were an original purchaser at the tax sale.” See. 3888, M. A. S.
Under numerous rulings of this court and the supreme court of this state, the assigning of a certificate by the clerk more than three years after its date, under the circumstances here disclosed, renders the tax deed void on its face. This action was begun less than seven years after the recording of the tax deed. The deed, being void on its face, the five year statute of limitations plead by the appellant is unavailing, and the seven year statute had not run. While appellant and his grantor had made seven annual tax payments on the land after the recording of the tax deed and before the institution of this action, the first of those payments was made on March 7, 1901, and was for the taxes for the year 1900. This tax (for the year 1900), under section 3888 quoted above, *80 should have been paid by appellant’s grantor to the treasurer as a condition precedent to the issuing of a tax deed by the treasurer to it. Until the subsequent taxes that have accrued since the date of the certificate shall be paid to the treasurer by the person taking the assignment of the certificate, such person is not entitled to a tax deed. It therefore follows that taxes payable when a certificate of purchase is assigned by the county may not be paid after the recording of the tax deed issued on such certificate and be counted as one of the seven payments ‘ of taxes under the seven year statute.

Judgment Is Affirmed.