[No. 3795.]

## CRISTLER v. BEARDSLEY.

1. STATUTES—*Construed.* Under the Revenue Act of 1901 (Laws 1901, c. 94) all taxes become due and payable when the tax warrant was delivered to the treasurer; and the ultimate date of such delivery was the first of January next succeeding the levy.

2. LIMITATIONS—*Payment of Taxes.* One claiming the benefit of the seven years' limitation (Rev. Stat., secs. 4089, 4090) can not avail himself of the payment of a tax which, though not delinquent, was payable at the date when he acquired color of title. Seven full years must elapse between the first payment of taxes which became due and payable after color of title was taken, and the institution of an action by the paramount owner.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. CHALKLEY A. WILSON and Mr. ASHER B. WILSON, for appellant.

Mr. E. K. ROBINETT and Mr. ISAAC PELTON, for appellee.

BELL, J.

This action was brought July 1, 1910, in the district court of Washington County, under sec. 255, Mills' Ann. Code, to quiet the title to the N. W. ¼ of Sec. 19, Twp. 3 N., R. 49, in Washington County, Colorado. The appellee, defendant below, answered, and exhibited his alleged title, a pretended treasurer's tax deed, which was void upon its face and admitted in evidence only as color of title. He also set up the five and seven years statutes of limitations and a payment of taxes under the seven years statute under claim and color of title made in good faith continuously for seven successive years, and also set up other defenses not material to consider herein. The case was tried to the court without a jury, and resulted in quieting the title of the appellee.

At the trial the appellee neither tendered nor introduced any proof, except his color of title and the payment of taxes assessed against said premises from 1901 to 1909, both inclusive, the first payment being made July 19, 1902, and admitted in evidence over the objection of appellant, and the last being made March 17, 1910.

The tax deed relied upon and the payment of taxes thereunder were governed by the statute of 1901, then in existence. Sec. 121, page 303, of this act provides that, as soon as practicable after the taxes are levied, and at the furthest on or before the 1st day of January, annually, the tax list and warrant shall be delivered to the treasurer commanding him to collect said taxes; sec. 10, page 242, provides that, on or before the last day of February, one-half of all taxes shall be due and payable, and the other half shall be due and payable on or before the last day of July of the year following the one in which they were assessed; sec. 11, page 243, makes the first installment of one-half of the taxes delinquent on March 1st, and assesses a penalty against such delinquent installment of 1 per cent for each month or fractional part thereof until paid, and makes the other half delinquent on August 1st; and additional penalties are imposed by the act for the non-payment of all taxes on or before the last mentioned date. It was seemingly the intention of the legislature to make all taxes due and payable from the time the tax list and warrant were delivered to the treasurer, and to fix the ultimate date of such delivery as of January 1st after the levy, and from this date the treasurer was commanded to collect said taxes. Therefore, the taxes assessed for 1901 against the property described in the complaint were due and payable, though not delinquent, at the date of the tax deed herein relied upon by appellee as color of title, and he cannot be permitted to take advantage of such due and unpaid taxes for the purpose of making one of the annual payments

under the seven years statute in perfecting his title. The deed was dated January 3, 1902, and the first payment that was admissible in evidence was the one made July 28, 1903, for the taxes assessed for the year 1902. Between the date of this payment and the date of the commencement of the action, July 1, 1910, but six years, eleven months and three days had expired, and, therefore, the statute of limitations had not so operated as to ripen the title in the appellee at the time suit was brought. Seven full years must elapse between the date of the first payment of taxes that have become due and payable after the color of title is taken and the date of the institution of the suit to recover the land.—*Empire Co. v. Howell,* 22 Colo. App., 584-599, 126 Pac., 1096; *DeFord v. Smith,* 23 Colo. App., 78-80, 127 Pac., 453.

Under the above cited authorities, we think the trial court erred in admitting proof of the payment of the 1901 taxes, and, therefore, the judgment must be, and is hereby, reversed and the case remanded, with instructions to the trial court that it set aside the decree and judgment heretofore entered in behalf of appellee, and enter judgment in behalf of appellant; upon condition, however, that the appellant, within a reasonable time to be fixed by the trial court, shall pay into court, for the use and benefit of appellee, the taxes heretofore paid on the land under the tax certificate and void tax deed, the statutory interest and penalties thereon, together with the costs of suit.

*Reversed and Remanded.*