[No. 7957.]

EMPIRE RANCH AND CATTLE COMPANY, V. HOWELL.

1. EJECTMENT—*Title—Effect of Trust Deed.* Plaintiff establishing title to the premises demanded, recovers, though the lands are shown to be subject to a deed of trust. (193.)

2. TAX DEED—*In Statutory Form,* is *prima facie* valid and evidence that an assignment of the tax purchase certificate recited therein was properly made. (193.)

3. —— *What. Officer Shall Execute.* Lands situate in Arapahoe County, were, by the Treasurer of Arapahoe sold to that county for taxes. They afterwards became a part of the County of Adams. (Laws 1901, c. 57), and, later, of Washington County (Laws 1903, c. 81). In each case the County Clerk of the county from which the lands were severed was required to certify to the Clerk of the county to which they were transferred, a transcript of the recorded title thereto. *Held* that after the erection of Washington County and the inclusion therein of the lands in question, the Treasurer of that county was the proper officer to execute tax deeds upon the sales made in Arapahoe, and was authorized to execute a tax deed, in correction of one previously executed by the Treasurer of Arapahoe County. (194, 195.)

What is said as to the validity of the tax deed has no application to lands described therein which are not involved in the present action. (196.)

*Error to the Court of Appeals.*

Mr. R. H. GILMORE, for plaintiff in error.

Mr. JOHN F. MAIL, for defendant in error.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

Defendant in error as plaintiff brought an action in ejectment against plaintiff in error as defendant, in the District Court of Washington County. Judgment was for plaintiff. The defendant appealed to this court. The case was transferred to the Court of Appeals, where the judgment was affirmed. *Empire Co. v. Howell,* 22 C. A. 584, 126 Pac. 1096. The defendant brings the case here on error.

From the record it appears that if the trustees' deeds introduced by plaintiff, to which we will later refer, were

admissible, then he established title to several of the tracts involved, subject to certain deeds of trust.  He alleged in his complaint that he was the owner of the premises in fee simple, and it is urged on behalf of defendant that having proved title subject to deeds of trust, he failed to make a case which entitled him to judgment. The owner of premises subject to a deed of trust is *prima facie* entitled to possession.  Ejectment is a possessory action, and proof of title which entitled plaintiff to the possession of the premises described in the several trustees' deeds was sufficient in the first instance.  The defendant offered in evidence a tax deed, designated in brief of counsel as tax deed to south townships, which was objected to upon the ground that it shows a sale to the county of the property therein described on the first day it was offered.  The objection was sustained, and this ruling was affirmed by the Court of Appeals.  The deed was not subject to the objection interposed.  See *Imperial Securities Co. v. Morris,* 57 Colo. 194, 141 Pac. 1160, where the same question was presented and ruled upon.

It is next claimed that before the trustees' deeds were admissible it was necessary for plaintiff to prove the truth of the recitals therein.  This question was determined in the preceding case of the *Empire Ranch & Cattle Co. v. Howell,* No. 7902, *ante* 188, where it was ruled that under the pleadings the question was not presented.  In the case at bar the answer is the same in that it does not assert a title in defendant independent from, or alien to, that which plaintiff established by the evidence introduced on its part.  So far as advised from the record and briefs of counsel, the tax deed is valid, and should have been admitted in evidence, as thereby the title to the premises therein described was vested in the defendant, and it would have been entitled to the possession thereof, unless the tax deed was successfully impeached.  The objection now urged to its validity it that it was issued by the Treasurer of Washington

County. The premises embraced in this deed were located in Arapahoe County at the time they were sold for taxes, and were bid off for that county. After the time for redemption expired, the defendant petitioned the commissioners of Arapahoe County to instruct the County Clerk of that county to assign the certificates to it for their face value. This petition was granted and a tax deed issued to defendant by the Treasurer of Arapahoe County. That deed is not copied in the bill of exceptions, but this is of no moment as defendant does not claim title under it. Subsequently the part of Arapahoe County in which the lands are located became a part of Adams County, Laws 1901, 133. By that act Arapahoe County was required to deliver to Adams County a transcript of the records of Arapahoe County pertaining to the County of Adams. Later the territory eembracing lands involved became a part of Washington County. Laws 1903, 169. This act required the commissioners of Adams County to deliver to the County Clerk of Washington County a certified transcript of records of title, and liens thereon, of all property located in the territory within Adams County which had been annexed to the County of Washington. Subsequent to both of these acts, and on May 4th, 1908, the deed in question was issued by the Treasurer of Washington County. It purports to be a correction deed. It recites that the County of Arapahoe had sold, assigned and delivered to defendant the tax certificates upon which it is based. How the assignment was made the deed does not disclose. The deed appears to be in substantial conformity with the form prescribed by statute, and is therefore *prima facie* evidence that the certificates were properly assigned. The transaction, so far as the County of Arapahoe was concerned, was closed. The land, when the Treasurer of Washington County issued the deed was in his county. From the acts to which we have referred, the records in his county disclosed the entire transaction from the sale down to the time the Treas-

urer of Arapahoe County issued a deed. The statutes do not provide that the treasurer who made the sale is the only officer who shall issue a treasurer's deed, and under a fair construction of the statute it is the incumbent of the office at the proper time who is invested with such authority. *Pollen, Etc., v. The Magna Charta Mining & M. Co.,* 40 Colo. 89, 90 Pac. 639; *Vanderpan v. Pelton,* 22 C. A. 357, 123 Pac. 960; *Vandermeulen v. Burwell,* 22 C. A. 486, 125 Pac. 131.

Under the acts of 1901 and 1903, to which we have referred, the Treasurer of Washington County was the proper officer to issue the deed in question. The land was then located in his county. We must assume he had before him all the data necessary to require him to act. No other county treasurer, in the circumstances of this case, had any authority to issue a tax deed upon lands not located in his county. The fact that the lands embraced in the tax certificates which defendant purchased from Arapahoe County were thereafter included in territory annexed to Washington County did not deprive it of the right to obtain a correction tax deed, and as the Treasurer of Washington County, on the facts before us, was the only officer who could issue the deed in question, we hold that he had authority to do so. There is nothing in the record which invalidated that deed, and as it is regular on its face, it was error for the District Court to reject it. The judgments of the Court of Appeals and of the District Court are reversed, and the cause remanded to the latter tribunal for a new trial.

Decision *en banc.*

*Reversed.*

Decided October 4, A. D. 1915. Rehearing denied November 1, A. D. 1915.

*On petition for rehearing.*

*Per curiam: (En banc.)*

In the petition for rehearing our attention is called to the fact that lands other than those included in the tax deed

considered were involved. In the brief of counsel for plaintiff in error filed in this court, the argument was confined to the tax deed designated in the record as "Exhibit 20" which we held was *prima facie* valid, and the reversal of the judgment should therefore be limited to lands embraced in that deed, and involved in the action, and it is so ordered. iWth respect to the judgment affecting other lands involved and the validity of the other tax deeds, we express no opinion but affirm the judgment as to such lands for the reason that no question relating to these lands was presented for our consideration.

*Order of reversal modified and rehearing denied.*