No. 12,552.

NATIONAL TAX AND MORTGAGE COMPANY *v.* CARTWRIGHT, TREASURER.

(5 P. [2d] 878)

Decided November 23, 1931.

Mr. George H. Lerg, Mr. George A. Chase, for plaintiff in error.

Mr. Flor Ashbaugh, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

The National Tax and Mortgage Company, plaintiff in error, sought a writ of mandamus in the district court to compel the issuance of a treasurer's deed for lands located in Arapahoe county based upon a tax certificate thereon. The district court found that the plaintiff in error had no title to said tax certificate and dismissed the action, a review of which is here sought.

The tax certificate in question together with others not here involved were issued to and held by the old county of Arapahoe prior to the adoption of the Twentieth Amendment to the Constitution of the state of Colorado creating the City and County of Denver, and after the adoption of said amendment were transferred by the county commissioners of the City and County of Denver to one J. A. Breen, who sold and assigned them to the plaintiff in error.

These certificates were presented to defendant in error, treasurer's deeds demanded and refused, whereupon this and other suits of a similar character were instituted.

Two questions are presented: (1) Did the plaintiff in error have title to said certificate? (2) Was the de-

fendant in error the proper official to execute a deed thereon?

1. The regularity of the transfers of said certificate by the county commissioners of the City and County of Denver to Breen and by Breen to plaintiff in error is not questioned. Therefore, if the title to said certificate at the time of said transfer to Breen was in the City and County of Denver, plaintiff now has title thereto.

The determination of whether the City and County of Denver had such title involves the construction of the following pertinent provisions of the Twentieth Amendment: ''The municipal corporation known as the city of Denver, and all municipal corporations and that part of the quasi-municipal corporation known as the county of Arapahoe, in the state of Colorado, included within the exterior boundaries of the said city of Denver as the same shall be bounded when this amendment takes effect, are hereby consolidated and are hereby declared to be a single body politic and corporate, by the name of the 'City and County of Denver.' By that name said corporation shall have perpetual succession, and shall own, possess and hold all property, real and personal, theretofore owned, possessed or held by the said city of Denver and by such included municipal corporations, and also all property, real and personal, theretofore owned, possessed or held by the said county of Arapahoe.'' Const. Art. XX, sec. 1.

It was urged by defendant in error, and held by the trial court, that the City and County of Denver had no title to the tax certificate because the real estate involved lies beyond the exterior boundaries of the City and County of Denver. Such construction violates the clear intent of the Twentieth Amendment. It specifically provides that the City and County of Denver ''shall own, possess and hold all property, real and personal, theretofore owned, possessed or held * * * by the said county of Arapahoe.'' The tax certificate in question, being owned

by the former county of Arapahoe, upon the adoption of the Twentieth Amendment became the property of the City and County of Denver. Being properly transferred by the City and County of Denver to Breen and by Breen to plaintiff in error, and the statutory time for redemption having elapsed, plaintiff in error became the owner thereof and is entitled to a tax deed if defendant in error is the proper official and empowered to issue it.

2. The lower court having found that the plaintiff in error had no title to the tax certificate, the question of whether the defendant in error was empowered to issue a tax deed thereon was not determined. However, plaintiff in error had no right to mandamus defendant in error as county treasurer of Arapahoe county unless under the law, he is the proper official and authorized to execute such deed. It has been held in cases involving similar circumstances that after a statutory subdivision of a county, the county treasurer of the county in which the real estate is situated is the proper official and empowered to execute tax deeds based upon tax certificates issued before said subdivision. *Pollen v. Magna Charta M. & M. Co.,* 40 Colo. 89, 90 Pac. 639; *Empire Company v. Howell,* 60 Colo. 192, 195, 152 Pac. 1177.

Judgment reversed and cause remanded for further proceedings in harmony herewith.