## No. 12,777.

### WHITEHEAD *v.* BENNETT.
(22 P. [2d] 168)

Decided May 1, 1933.

Mr. BRYAN L. WHITEHEAD, for plaintiff in error.

Mr. RALPH G. LINDSTROM, Mr. JOHN M. KEATING, Mr. JOHN W. SHIREMAN, Mr. HAROLD W. PERRY, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

Ray A. Bennett, who claimed to own certain land, sued E. K. Whitehead, the owner of a promissory note secured by a trust deed of the property, to quiet title in Bennett.

Laura P. Strang conveyed to Bennett by quitclaim deed all her right, title and interest to and in the property. As a matter of law, the grantor had no such right, title or interest. In his complaint Bennett alleged that for more than seven years he was in possession of the property and paid all taxes legally assessed thereon. He claims that by reason of such possession and payment he should ''be held and adjudged to be the legal owner * * * to the extent and according to the purport of his * * * paper title,'' as provided in section 6423, Compiled Laws.

To invoke successfully the provisions of that section, one must prove the payment of taxes for the full period of seven years next prior to the commencement of the suit. The evidence did not show that Bennett paid taxes for the required period of time. His counsel seek to avoid the result of such a situation by saying that the question was not raised in the trial court. They say that the complaint alleged payment for the required time; that the answer did not specifically deny this, but averred, in the language of section 62 of the Code of Civil Procedure, that, as to such allegation, the defendant had not and could not obtain sufficient knowledge or information upon which to base a belief; and that as the payment of taxes is a matter of record and therefore presumptively within the knowledge of Whitehead, such denial did not raise an issue. We cannot uphold this contention. It assumes, contrary to the fact, that the record shows payment by Bennett for the required period of time. The case was tried on the theory that the issue had been raised. Assuming the burden of proving such payments, Bennett introduced all his tax receipts, and they

showed that the first payment was made less than seven years before the commencement of the suit.

It is unnecessary to dwell at length upon the other points suggested by Whitehead. As to them, it is sufficient to say that the quitclaim deed gave Bennett color of title, and that the evidence shows good faith on his part. He fails only because he did not show payment of taxes for the required period of time.

The judgment is reversed, further proceedings, if any, to be in harmony with the views expressed in this opinion.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE MOORE concur.