**Frank PETERS, Petitioner,**

v.

**SMUGGLER–DURANT MINING CORPORATION; Last Chance No. 2 Inc.; and Golden Rule Resources, Inc., Respondents.**

No. 95SC475.

Supreme Court of Colorado,
En Banc.

Jan. 13, 1997.

Sandra M. Stuller, P.C., Sandra M. Stuller, Telluride, for Petitioner.

Hill, Edwards, Edwards & Adkison, L.L.C., Thomas C. Hill, Joseph E. Edwards, Jr., Joseph E. Edwards, III, Carbondale, for Respondents Smuggler–Durant Mining Corporation and Last Chance No. 2, Inc.

Coleman, Jouflas & Williams, Joseph Coleman, Grand Junction, for Respondent Golden Rule Resources, Inc.

Justice HOBBS delivered the Opinion of the Court.

We granted Petitioner's cross-petition for certiorari review[1] of the court of appeals decision in *Peters v. Smuggler–Durant Mining Corporation*, 910 P.2d 34, 39 (Colo.App. 1995), holding that seven full years must elapse between the time when the person claiming possession under color of title makes the first tax payment on the property and the commencement of a lawsuit to quiet title pursuant to section 38–41–108, 16A C.R.S. (1982). We agree and affirm the judgment of the court of appeals against the adverse possession claim.

Golden Rule Resources, Inc. (Golden Rule), a respondent in this case, became the successor in interest to the original lessee of a mining lease owned by Smuggler–Durant Mining Company (Smuggler–Durant). The lease granted Golden Rule the right of exclusive possession to the real property and the right of first refusal to purchase the property. Three cabins, the ownership of which is the source of this litigation, are located on the property.

On March 12, 1982, Frank A. and William J. Loushin, possessors of one of the cabins, executed a quitclaim deed in favor of Petitioner Frank Peters (Peters). The deed purported to convey their interest in the "cabin and land beneath" located on the north half of the Last Chance Mining Claim in Pitkin County. The deed was recorded upon delivery on March 18, 1982. For the period in question, Peters was in actual possession of the property.

On September 27, 1983, Peters made the first payment of taxes on the three cabins for the 1982 tax year. He made subsequent tax

---

1. Certiorari was granted on the following two issues:

    1. Whether the court of appeals erred in holding that § 38–41–108, 16A C.R.S. (1982), requires that suit may not be filed until seven years after the date of the first payment of taxes.

2. Assuming that a full seven years must elapse after the first payment of taxes before a claim under § 38–41–108, 16A C.R.S. (1982), may be filed, did the court of appeals err in refusing to accept an amended complaint, so filed, as sufficient to satisfy the statute.

payments for the years 1983, 1984, 1985, 1986, 1987, and 1988 (and after the commencement of the lawsuit, for 1989).

On February 22, 1990, Peters filed a complaint against Smuggler–Durant claiming ownership by adverse possession of the cabins and a portion of the land surrounding them. The land and cabins occupied by Peters are located within the mining claims owned by Smuggler–Durant and leased by Golden Rule.

The complaint against Smuggler–Durant alleged that Peters was entitled to ownership of the property in question due to adverse possession for eighteen years pursuant to section 38–41–101, 16A C.R.S. (1982), and "through payment of taxes and color of title for more than seven years." Golden Rule moved to intervene as a party defendant pursuant to C.R.C.P. 24. The district court granted the motion on May 10, 1990.

Peters filed an amended complaint on September 30, 1991, adding Last Chance No. 2 Inc. (Last Chance), as a defendant, specifying the amount of land claimed by adverse possession as 4.2 acres, and providing a detailed metes and bounds description of the 4.2 acre parcel of land. In addition, the amended complaint more specifically alleged compliance with each of the elements of the seven-year adverse possession statute, section 38–41–108, 16A C.R.S. (1982) (the seven-year statute).

The district court entered a decree in quiet title on October 7, 1992, in favor of Peters, finding, with respect to Peters' claims under section 38–41–108, that: (1) Peters received and recorded a quitclaim deed conveying the "cabin and land beneath" on March 18, 1982; (2) Peters remained in possession of and paid taxes on the land for seven successive years prior to the filing of this claim; and (3) the deed was sufficient to constitute color of title to the 4.2 acres. The district court found that Peters had failed to establish a claim under the eighteen-year adverse possession statute.

The court of appeals concluded that it was bound by early case precedent holding that section 38–41–108 requires "that seven full years must expire between the time when the person claiming the property under color of title first pays taxes and the commencement of his or her lawsuit." *Peters*, 910 P.2d at 39 (citing *Whitehead v. Bennett*, 92 Colo. 549, 22 P.2d 168 (1933); *Cristler v. Beardsley*, 25 Colo.App. 369, 138 P. 68 (1914); and *Empire Ranch & Cattle Co. v. Howell*, 22 Colo.App. 584, 126 P. 1096 (1912), *rev'd on other grounds*, 60 Colo. 192, 152 P. 1177 (1915)). The court of appeals reasoned that, although Peters made seven successive tax payments in 1983, 1984, 1985, 1986, 1987, 1988 and 1989, Peters nonetheless filed suit only six years, four months and twenty-seven days after his first tax payment on September 27, 1983, and, therefore, his cause of action under the seven-year statute failed. *Id.* at 39–40.

The court of appeals rejected Peters' alternative argument that, if a full seven years is required to elapse between the first payment of taxes and commencement of suit, the period should be calculated from the date of the amended complaint rather than the initial complaint. We agree that the seven-year statute requires a full seven years to expire between the first tax payment and the commencement of a lawsuit, and that the seven year period in this case is calculated when the initial complaint was filed.

## I.

Peters first argues that the seven-year adverse possession statute requires only that one be in possession under color of title for seven years prior to commencing a lawsuit, and that one pay all taxes legally assessed during that seven year period of possession. We disagree.

Our seven-year adverse possession statute, as originally enacted in 1893, provided in pertinent part that:

> Every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who shall, for seven successive years, continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements,

to the extent and according to the purport of his or her paper title.

Ch. 118, sec. 6, 1893 Colo. Sess. Laws 328, 328–29. The current version of this statute remains substantially unchanged. *See* § 38–41–108.

Our statute was specifically patterned after an Illinois statute. *See Empire Ranch & Cattle Co. v. Howell,* 22 Colo.App. 584, 600, 126 P. 1096, 1101 (1912), *rev'd on other grounds,* 60 Colo. 192, 152 P. 1177 (1915); *accord Knight v. Lawrence,* 19 Colo. 425, 431, 36 P. 242, 244 (1894). The Illinois statute had been construed by the Illinois Supreme Court on numerous occasions prior to its enactment in our state.

■ We have held that when Colorado adopts a statute of another state and, at the time of its enactment here, the statute had been construed by the appellate court of the state after which it was patterned, the presumption is that our legislature intended the same statutory construction by the courts of this state. *Vider v. Zavislan,* 146 Colo. 519, 525, 362 P.2d 163, 166 (1961). In *Vider,* we construed the adverse possession statute at issue here. We stated that both the actual possession/color of title and the vacant and unoccupied land provisions "were adopted in 1893 and were facsimiles of statutes of the state of Illinois. Both had been construed by the Supreme Court of Illinois on a number of occasions prior to 1893, the date of the enactment by our legislature." *Id.* at 525, 362 P.2d at 166. We then concluded that there was "nothing in the record of this case to overcome the presumption that the construction by the Supreme Court of Illinois was adopted along with the statute by the legislature." *Id.* at 526, 362 P.2d at 167.[2]

Though the *Vider* case dealt with a different aspect of the adverse possession statutes, the Supreme Court of Illinois considered the issue presented here on several occasions prior to our General Assembly's enactment of the statute. Furthermore, there is nothing in the record here to overcome the presumption that the construction given the statute by the State of Illinois was intended to be adopted by our General Assembly in enacting the same statute here.

A.

Illinois adopted its seven-year adverse possession statute in 1839. The current statute, which is substantively unchanged from its original version, *see* 1839 Ill. Laws, sec. 1, p. 267, provides that:

§ 13–109. Payment of taxes with color of title. Every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who for 7 successive years continues in such possession, and also, during such time, pays all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of such lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, legacy or descent, before such 7 years have expired, and who continue such possession, and continue to pay the taxes as above set forth so as to complete the possession and payment of taxes for the term above set forth, are entitled to the benefit of this Section.

735 Ill. Comp. Stat. Ann. 5/13–109 (West 1996 Supp.). The early Illinois cases interpreting the seven-year statute consistently held that possession, color of title, and payment of taxes must concur for seven successive years in order to create a bar against the true owner under the statute. *See, e.g., De Proft v. Heydecker,* 297 Ill. 541, 131 N.E. 114, 116 (1921) ("Color of title, possession, and payment of taxes must concur before the statute begins to run, and seven full years must have intervened between the day when

**2.** The State of South Dakota enacted an adverse possession statute, requiring a period of actual possession, payment of taxes, and color of title for ten successive years, *see* S.D. Codified Laws § 15–3–15 (Michie 1984), patterned after that of Illinois. *See Judd v. Meoska,* 76 S.D. 537, 82 N.W.2d 283, 284 (1957). South Dakota, like Colorado, recognizes the rule of statutory construction regarding "borrowed" statutes. *Judd,* 82 N.W.2d at 285. The Supreme Court of South Dakota has also concluded that "it needs no argument to show that the color of title, upon which a claim of title by possession and payment of taxes can be based, must be a color of title *existing at the time of such possession and payment of taxes." West v. Middlesex Banking Co.,* 33 S.D. 465, 146 N.W. 598, 602 (1914) (emphasis added).

the first payment of taxes was made and the day of the commencement of the suit."); *Lyman v. Smilie,* 87 Ill. 259, 260 (1877) ("The infirmity of his case rests in this, that his first payment of taxes, to make seven years, was not seven years before suit was brought."); *Clark v. Lyon,* 45 Ill. 388, 391 (1867) ("Although there are seven payments, and for the taxes for seven years, still there are not seven years from the first payment till the commencement of this suit.").

In 1942, although subsequent to the adoption of our 1893 statute, the Illinois Supreme Court again reaffirmed its prior holdings and concluded that it is well settled that "seven full years must have intervened between the day when the first payment of taxes was made and the day of the commencement of the litigation." *Harlan v. Douthit,* 379 Ill. 15, 39 N.E.2d 345, 348 (1942).

The argument made by the adverse possessor in *Harlan* is remarkably similar to that presented here. There, the plaintiff, alleging that he was the owner of an undivided interest of the property in question, filed for partition of the land parcel. *Id.* 39 N.E.2d at 347. The defendant claimed ownership of the property by adverse possession through the payment of taxes and color of title for the statutory period. *Id.* The defendant made his first tax payment on March 20, 1933. The plaintiff commenced litigation for partition on February 28, 1940, six years, eleven months and eight days after the defendant made the first payment of taxes. *Id.* The defendant argued that the statute began to run as soon as adverse possession under color of title was taken, regardless of the time when the taxes were first paid. *Id.* at 348. Therefore, according to the defendant's argument, the statutory requirements were satisfied by the payment of taxes which become due *after* adverse possession was taken, provided that the party having color of title and paying taxes was in *possession* of the premises for seven years. *Id.* The court rejected this argument and held that the three elements of the statute must concur before the statute begins to run. *Id.* Hence, the seven-year statute could not be a bar to the partition claim of plaintiff, who was the true owner of the property.

The same argument offered here fails because of the longstanding rule of statutory construction regarding "borrowed" statutes. The Supreme Court of Illinois has spoken decisively on the issue presented for our review. Absent a contrary indication of intent by our legislature, we presume that the same construction given the seven-year adverse possession statute by the Supreme Court of Illinois was intended here. Furthermore, though our own case law construing the statute is scant, it appears that Colorado has intended to adopt the same statutory construction as Illinois.

### B.

Sections 38–41–108 and ⁣ –109, 16A C.R.S. (1982), of our adverse possession statutes are parallel provisions and must be considered in relation to each other. *Webermeier v. Pace,* 37 Colo.App. 546, 549, 552 P.2d 1021, 1024 (1976).

Section 38–41–108 is applicable when a person is in actual possession of land or tenements under color of title. Section 38–41–109 is applicable when a person has color of title to vacant or unoccupied land. Our appellate courts have construed the color of title and tax payment requirements under these separate provisions in an interchangeable manner.

In *Empire Ranch & Cattle Co. v. Howell,* 22 Colo.App. 584, 126 P. 1096 (1912), *rev'd on other grounds,* 60 Colo. 192, 152 P. 1177 (1915), the court of appeals, in construing the predecessor to section 38–41–109, stated "[t]hat seven full years must elapse between the date of the first payment of taxes and the commencement of the suit is sustained by a long line of decisions made by the Supreme Court of Illinois, from which we borrowed our statute." *Id.* at 600, 126 P. at 1101. The court then cited to several Illinois cases decided prior to the enactment of our statute in 1893. Cases cited construed the Illinois equivalent of our section 38–41–108, which requires actual possession in addition to color of title and payment of taxes. *See, e.g., Lyman v. Smilie,* 87 Ill. 259, 260 (1877); *Clark v. Lyon,* 45 Ill. 388, 391 (1867); *Dickenson v. Breeden,* 30 Ill. 279, 291 (1863); *but see Lara v. Sandell,* 52 Wash. 53, 100 P. 166,

167 (1909) ("The only requirement of [this] section is that the adverse possession shall be continued for seven years, and the occupant shall pay all taxes legally assessed during that time.").

In another case construing the predecessor to section 38–41–109, the court of appeals again reiterated the requirement that seven full years must elapse between the date of the first tax payment after color of title is taken and the commencement of the suit to recover the land. *Cristler v. Beardsley,* 25 Colo.App. 369, 371, 138 P. 68, 69 (1914); *see also Evans v. Howell,* 23 Colo.App. 219, 219–20, 128 P. 879, 880 (1912). In *Cristler,* six years, eleven months, and three days had passed between the first tax payment and the date of commencement of the suit, and the court stated that "the statute of limitations had not so operated as to ripen the title in the appellee at the time suit was brought." *Cristler,* 25 Colo.App. at 371, 138 P. at 69.

Finally, in *Whitehead v. Bennett,* 92 Colo. 549, 22 P.2d 168 (1933), although ultimately a case dealing with sufficiency of the evidence as to tax payments, we nonetheless stated, in discussing the requirements of the predecessor to section 38–41–108, that "[t]o invoke successfully the provisions of that section, one must prove the payment of taxes for the full period of seven years next prior to the commencement of the suit." *Id.* at 550, 22 P.2d at 168.

In reviewing the case law addressing our seven-year adverse possession statute, in conjunction with the construction given the same statute by the Supreme Court of Illinois, we conclude that color of title, possession, and payment of taxes must concur in time to trigger the running of the statute. Because seven full years had not elapsed between Peters' first payment of taxes on September 27, 1983, and the commencement of the quiet title action on February 22, 1990, his cause of action under section 38–41–108 must fail.

■ Statutes that are in derogation of property rights, as with other rights under the common law, must be strictly construed. *Cf. Van Waters & Rogers, Inc. v. Keelan,* 840 P.2d 1070, 1076 (Colo.1992) (Stating that statutes in derogation of common law must

be strictly construed); *see also* 3 *Am.Jur.2d Adverse Possession* § 1 (1986) ("The acts of one claiming title by adverse possession are to be strictly construed."). This conclusion comports with the general notion that the doctrine of adverse possession, because it may act to deprive true and legal owners of their property, should be applied in strict compliance with statutory requirements. *See* 10 *Thompson on Real Property* § 87.01 (Thomas ed. 1994) ("It is presumed that possession is subordinate to the title of the true owner and adverse possession against such owner must be taken strictly."). Accordingly, in construing our adverse possession statute, the seven year statute of limitations does not begin to run until all three elements of the statute are met.

Hence, although Peters satisfied the color of title and the actual possession requirements, he failed to comply with the final element of having a full seven years elapse from the first payment of taxes to the commencement of the lawsuit.

## II.

■ Peters alternatively argues that the filing of the first amended complaint on September 30, 1991, "asserted a separate and additional claim under § 38–41–108, C.R.S., inasmuch as seven years had elapsed since the first payment of taxes (September 27, 1983)." Peters thus argues that the date of the filing of this separate claim in the amended complaint, allegedly not presented in the original complaint, should become the lawsuit commencement date for purposes of compliance with the full seven year requirement of section 38–41–108. We disagree.

According to our rules of civil procedure, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." C.R.C.P. 15(c); *see also Halliburton v. Public Serv. Co.,* 804 P.2d 213, 219 (Colo.App.1990), *cert. denied,* No. 90SC497 (Jan. 28, 1991). Peters argues that this "additional" claim does not arise out of the same conduct, transaction, or

occurrence because it is a separate and distinct claim "arising out of separate occurrences maturing at separate times."

■ We have said that when a new action is joined by filing an amended complaint, the new action will not relate back to the date of the original complaint. *See Walker v. Associated Press*, 160 Colo. 361, 365, 417 P.2d 486, 488 (1966); *see also* 27A *Federal Procedure Pleadings and Motions* § 62:335 (Lawyer's Ed.1996) (Where an "amended complaint attempts to add a new legal theory *which is unsupported by the factual claims raised in the original complaint*, the proposed claim arises from new and distinct conduct, transactions, or occurrences *not found in the original complaint*" the amended complaint will not relate back.) (emphasis added). On the other hand, an amended complaint which establishes no new cause of action but merely reiterates one already stated in the original complaint relates back to the time of the commencement of the action. *International State Bank v. McGlashan*, 71 Colo. 72, 78, 204 P. 480, 483 (1922).[3]

The original complaint in this case was filed on February 22, 1990. In paragraph four of the original complaint, Peters specifically alleges actual, adverse, hostile, under claim of right, exclusive and uninterrupted possession for over eighteen years, "*and through payment of taxes and color of title* for more than *seven years*." (Emphasis added.) The alleged "separate and distinct" claim raised in the amended complaint is supported by the factual claims raised in the original complaint, and the conduct, transactions, or occurrences are found in the original complaint such that the amended complaint relates back to the original.

Peters also cites *Ireland v. Wynkoop*, 36 Colo.App. 205, 213, 539 P.2d 1349, 1355

(1975), to support the proposition that an amended complaint which reiterates and expands the original complaint supersedes the original complaint. The *Ireland* case, however, is distinguishable from the present case because the court there was discussing the effect of an amended complaint and the ability to appeal the trial court's *dismissal* of the original complaint. *Id.* at 211, 213, 539 P.2d at 1353, 1355. If we were to interpret *Ireland* in the manner suggested by Peters, our decision in *McGlashan* stating the opposite proposition would be meaningless, and the purpose of C.R.C.P 15(c) would be defeated. Furthermore, *Ireland* is silent with respect to whether the amended complaint or the original complaint is to be used to determine when the suit commenced. In this case, the district court did not dismiss the original complaint and, therefore, filing of a new proceeding was not required as it was in *Ireland*.

Here, Peters is actually attempting to create a new commencement date of his lawsuit in order to comply with the three concurrent elements necessary to affirmatively invoke a statute of limitation bar of possession by the true owner. But the filing of an amended complaint, which simply reiterates a claim already stated in the original complaint, cannot be used as a means to alter or avoid the requirement of strict compliance with the seven-year adverse possession statute.

Because the amended complaint raises no separate and distinct claim not already raised in the original complaint, there is no reason that the date of the amended complaint should govern the calculation of the seven year period for tax payments under section 38–41–108. Under section 38–41–108, color of title, possession, and payment of taxes must concur to commence the running of the seven years. The amended complaint in this

---

**3.** Peters relies on *Fastenau v. Engel*, 129 Colo. 440, 270 P.2d 1019 (1954), to support his argument that an adverse claimant may rely on events occurring subsequent to the filing of an initial complaint if the issue is properly framed in subsequent pleadings. *Fastenau*, however, addresses the circumstances under which a *supplemental pleading* may be filed to present issues based on events or matters occurring subsequent to the filing of the initial complaint pursuant to C.R.C.P. 15(d). *Id.* at 447, 270 P.2d at 1022.

Although the procedural requirements set forth in C.R.C.P. 15(d) were not followed here, we recognize that substance not form is to guide the court in making determinations under C.R.C.P. 15. *See Eagle River Mobile Home Park, Ltd. v. District Court*, 647 P.2d 660, 664 (Colo.1982). However, Peters' amended complaint does not set forth additional facts which would provide the substance for a supplemental pleading in this case.

case relates back to the date of the original complaint pursuant to C.R.C.P. 15(c), and the required seven years preceding commencement of the action in the case had not run.

### III.

The court of appeals judgment against Peters' adverse possession claim, and its necessarily component direction setting aside the district court's decree in quiet title based thereon, is affirmed.